# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1998 SESSION

FILED

July 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9708-CR-00312 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Arthur T. Bennett, Judge |
| | ) |
| **BRYAN E. BASTEL,** | ) (Assault - Denial of Probation) |
| | ) |
| Appellant. | ) |


FOR THE APPELLANT:

Edward Witt Chandler
Attorney at Law
2502 Mt. Moriah Rd., Suite A100
Memphis, TN 38115

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
Criminal Justice Division
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243

William L. Gibbons
District Attorney General

Lee Coffee
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103


OPINION FILED: _____


**AFFIRMED**

**PAUL G. SUMMERS,**
Judge


## O P I N I O N

Originally charged with aggravated assault, the appellant, Bryan Bastel, pled guilty to assault in the Shelby County Criminal Court. The court denied the appellant's petition for a suspended sentence and sentenced him to serve thirty days in the Shelby County Correctional Center. He appeals. The sole issue for our review is whether the trial court erred in denying an alternative sentence. We affirm the judgment of the trial court.

The appellant is a twenty-two-year old electrical engineering student at the University of Memphis. In May of 1995, the appellant and several friends went to a festival known as "Memphis in May." As they were leaving the festival, the appellant's friend, Chris Belue, stopped to use the restroom. The appellant and his other friends walked on toward their car. They then heard Belue "hollering" for them to come back. The victim, Timothy Evans, had Belue by the wrist. Evans saw that Belue had entered a vehicle without the owner's consent. Apparently Evans was a volunteer at the festival and intended to take Belue to the police for questioning. Belue told Evans and the appellant that a girl had given him permission to get cigarettes out of a white car. The appellant told Evans to let go of Belue. Evans refused, saying that he was taking Belue to the police. The appellant broke Evan's grip on Belue's wrist. The appellant claims that Evans pulled "something" out of his pocket. The appellant claims that his friends who were several feet behind him stated "Watch out. He's got something." The appellant later learned that Evans pulled out scissors. The appellant kicked at Evan's hand twice and swung at him twice. He actually hit Evans in the hip as he swung at Evan's hand. Evans left and notified the police. The appellant testified that he and his friends walked toward their car to leave. Several minutes later, the police arrested the appellant. The appellant testified that he did not go to the police to resolve the issue because he was tired and had to get up early the next morning to go to work. The appellant testified that he thought that Evans was picking on Belue. The appellant did not believe that Belue had done anything wrong.

The court also considered the presentencing report. Evans and the police gave a slightly different account of the events than the appellant. Evans stated to the police that the appellant made two aggressive attempts to cut him with a six-inch hunting knife. Evans stated that if the appellant's friends had not intervened, he, Evans would have been murdered. Evans stated that the appellant "reeked" of alcohol. From the record it appears that the police report indicates that the appellant pulled a knife on Evans and threatened him. The report also indicates that the police had to chase the appellant and Belue.

The appellant denied that he had a six-inch hunting knife, but admitted that he did have a small pocket knife. He denied pulling any kind of knife on Evans. He denied that he made the threatening statements to Evans. He denied that the police chased him.

Assault is a class A misdemeanor punishable by up to eleven months, twenty-nine days in jail. Tenn. Code Ann. §§ 39-13-101(b) (1990), 40-35-111(e)(1) (1989). The court denied the appellant's application for a suspended sentence. He sentenced the appellant to serve thirty days. The court allowed the appellant to serve the time on weekends or nonconsecutive days when the appellant was not in school. The court found that the appellant lacked credibility. The court did not believe that the appellant was telling the whole story about the offense in question. The court found that the appellant had a history of criminal convictions involving assault and a history of criminal behavior. The appellant was convicted of assault in 1993. He was arrested for or convicted of battery or assault and battery in Arkansas. He was arrested for public intoxication and disorderly conduct in 1993. At the time of the offense, the appellant was out on bond for possession of a controlled substance. The trial court also found that suspending the appellant's sentence would depreciate the seriousness of the offense. From the record, it appears that the court was concerned about the appellant's cocky attitude and inability to appreciate the seriousness of the offense. Past attempts at rehabilitating the appellant with measures less

-3-

restrictive than incarceration have failed. The court took into consideration that the appellant was in school and was gainfully employed.

When an appellant challenges the manner of service of a sentence, this Court reviews the evidence de novo with a presumption that the determinations of the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1990). The presumption of correctness is conditioned upon an affirmative showing that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Misdemeanor sentences must be specific and in accordance with the principles, purposes and goals of the Criminal Sentencing Reform Act of 1989. State v. Palmer, 902 S.W.2d 391, 394 (Tenn. 1995). The trial judge shall fix a percentage of the sentence that the defendant shall serve; after service, the defendant is eligible for rehabilitative programs. Tenn. Code Ann. §§ 40-35-302(b) & (d) (Supp. 1994); Palmer, 902 S.W.2d at 394. Alternatively, the court can grant probation immediately, or after a period of split or continuous confinement. Tenn. Code Ann. § 40-35-302(e)(1) & (2).

We affirm the judgment of the trial court. The evidence amply supports the court's denial of the appellant's petition. The appellant's lack of credibility, his prior history of criminal behavior, and the failure of past rehabilitation are supported by the evidence. They are appropriate factors upon which to deny probation.

The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:

-4-

_____
DAVID H. WELLES, Judge


_____
JOE G. RILEY, Judge